# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALEJANDRO VILLALOBOS,

                 Petitioner,

v.

UNITED STATES OF AMERICA,

                 Respondent.

Case No. 18-CV-482-JPS
Crim. Case No. 15-CR-51-4-JPS

**ORDER**

       Petitioner Alejandro Villalobos was indicted in March 2015 for a number of armed robberies in metropolitan Milwaukee. *United States v. Alejandro Villalobos*, 15-CR-51-4-JPS (E.D. Wis.) (Villalobos' "Criminal Case"), (Docket #1). On September 15, 2015, he pleaded guilty to seven counts of a superseding indictment: five for Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) & 2, and two for brandishing a firearm in connection with some of those robberies, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2. *Id.*, (Docket #96 and #101). On January 14, 2016, the Court sentenced him to fifteen years' imprisonment. *Id.*, (Docket #154). Villalobos did not appeal his convictions or sentence. He filed a motion pursuant to 28 U.S.C. § 2255 to vacate his convictions on March 27, 2018. (Docket #1). That motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings.

The Court begins by addressing the timeliness of Villalobos' motion. Section 2255(f) provides that there is a one-year limitations period in which to file a motion seeking Section 2255 relief. That limitations period runs from the date on which the judgment of conviction becomes final. "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (internal citations omitted). In the absence of an appeal, Villalobos' conviction became final on January 14, 2017. His instant motion was filed more than fourteen months after that date.

Though Villalobos appears to have missed his deadline for filing his motion, that does not end the Court's analysis. There are two common-law exceptions that still might apply to render Villalobos' petition timely: the "actual innocence" gateway and equitable tolling. The actual innocence gateway allows excuse of a procedural default when a petitioner "'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless error.'" *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). In other words, to be entitled to the actual innocence gateway, Villalobos must show that new evidence makes it unlikely that he would have been found guilty. *Id.* at 896. All of Villalobos' grounds for relief are assertions that he received ineffective assistance of counsel. *See* (Docket #1 at 6–9). None of the grounds even mention innocence, so it appears he is not asserting such a claim.

The second potential exception is "equitable tolling." *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling can excuse an untimely petition if the petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "[T]he threshold necessary to trigger equitable tolling is very high," and it is "an extraordinary remedy [which] is rarely granted." *Marcello*, 212 F.3d at 1010; *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). Even where it applies, equitable tolling can only offer a "brief extension of time during which a late filing will be accepted." *Gray v. Zatecky*, 865 F.3d 909, 912 (7th Cir. 2017). The Seventh Circuit has held that a petition which was just two months late could not be saved by equitable tolling. *Gladney*, 799 F.3d at 894–95.

The activity (or lack thereof) in Villalobos' criminal case reveals that he could not carry his burden to establish the first element of equitable tolling. True enough, Villalobos submitted a number of filings requesting materials to file a Section 2255 motion and to obtain transcripts. Criminal Case, (Docket #210, #214, #215, and #217). However, the first of these filings came on April 3, 2017, almost three months *after* the limitations period had already expired. Villalobos cannot possibly prove diligence when he allowed fifteen months to pass without any court filings at all.

The subsequent timeline of events is worse still. Villalobos' April 3, 2017 filing sought a blank form Section 2255 motion. *Id.*, (Docket #210). He did not actually file a Section 2255 motion in the following weeks or months. Instead, eight months later, he requested *another* form motion, complaining that his prior form had been lost upon his transfer to a new

prison. (Docket #214). Villalobos' final submissions came two months after that, requesting sentencing transcripts and yet another form motion. (Docket #215 and #217). Villalobos seems to have exercised almost no diligence in pursuing post-conviction relief, much less reasonable diligence. *See Carpenter v. Douma*, 840 F.3d 867, 871 (7th Cir. 2016) (petitioner was not diligent, even after filing various motions to hold his request for habeas relief in abeyance, when he waited until seven months beyond the limitations period to file his petition for habeas relief).

Though it is rare for equitable tolling to be definitively absent on the face of a habeas motion, *see, e.g., Gildon v. Bowen*, 384 F.3d 883, 886–87 (7th Cir. 2004), the circumstances of this case warrant such a finding. Villalobos' motion is plainly time-barred and cannot be saved by resort to equitable principles. The Court is, therefore, is compelled to deny the motion and dismiss this action with prejudice.[1]

---

[1]The Court's instant ruling does not reach the merits of Villalobos' claims. The Court nevertheless notes that some, if not all, of the asserted grounds for relief are without any merit. As noted above, each ground seems to contend that Villalobos' trial counsel provided legal assistance so poor as to violate his Sixth Amendment right to counsel. (Docket #1 at 6–9); *Strickland v. Washington*, 466 U.S. 668, 684–86 (1984). One ground claims that Villalobos' counsel refused to file an appeal despite his request for the same. This is flatly contradicted by the record in the criminal case. At the sentencing hearing, the Court told Villalobos' counsel, with the defendant himself present, that he should consult with his client regarding the possibility of an appeal. Criminal Case, (Docket #152 at 2). Counsel was further instructed to file a letter with the Court if Villalobos decided not to appeal. *Id.* His counsel filed such a letter that same day. (Docket #151). Villalobos cannot return to court years after the fact to simply change his mind regarding an appeal. Another ground asserts that Villalobos did not have counsel during a post-arrest interrogation. (Docket #1 at 8). Such a claim was waived upon entry of the plea agreement. *United States v. Combs*, 657 F.3d 565, 568–69 (7th Cir. 2011). These are not definitive rulings on the merits of Villalobos' claims, but they highlight two points. First, Villalobos' motion reads like the product of revisionist history, not the assertion of meaningful constitutional concerns. Second, and more

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Villalobos must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Villalobos' motion was timely. As a consequence, the Court is compelled to deny a certificate of appealability as to Villalobos' motion.

Finally, the Court closes with some information about the actions that Villalobos may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil

---

importantly, there is no reason why Villalobos could not have brought these claims long ago and within his limitations period. The facts underlying his claims were always within his personal knowledge and required no post-conviction investigation to uncover them.

Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge